IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Civil Action No. 16-cv-1219-WJM
Criminal Action No. 06-cr-226-WJM-1

UNITED STATES OF AMERICA,

    Respondent,

v.

**EDWARD NATHAN WING,**

    Movant.

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255
MOTION TO VACATE SENTENCE**

Now before the Court is Defendant Edward Wing ("Wing")'s 28 U.S.C. § 2255 Motion to Vacate Sentence. (ECF No. 52.) The Court ordered a Response from the Government (ECF No. 56) and Wing has filed a Reply (ECF No. 57). For the reasons explained below, this motion is denied.

**I.  BACKGROUND**

Pursuant to a plea agreement, Defendant Wing pled guilty on November 21, 2006 to two criminal charges arising from the same conduct: (1) assaulting a federal law enforcement officer with a dangerous and deadly weapon, in violation of 18 U.S.C. § 111(a) & (b), and (2) discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (ECF Nos. 40, 41.)

The second conviction, under § 924(c)(1)(A)(iii), depends on the determination that the first conviction, under § 111, was a "crime of violence," as defined by 18 U.S.C.

§ 924(c)(3). Wing's conviction on this second count caused him to be sentenced pursuant to a ten year mandatory minimum, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii).

In the present Motion, Wing argues that following the Supreme Court's decision last year in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his assault conviction can no longer constitutionally be considered a "crime of violence" under § 924(c)(3), and that he is therefore entitled to have his sentence vacated. Because the Court concludes that Wing's predicate conviction under § 111(b) is correctly considered a "crime of violence" notwithstanding *Johnson*, Wing's motion is denied.

## II. ANALYSIS

### A. *Johnson and Welch*

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] *Johnson* examined the provisions of the Armed Career Criminal Act ("ACCA") that mandate a 15-year minimum sentence for anyone convicted of being a felon in possession of a firearm who "has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). Specifically at issue in *Johnson* was the ACCA's definition of "violent felony":

> any crime punishable by imprisonment for a term exceeding one year . . . if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1] References in this opinion to *Johnson*, without more, are to this *Johnson* decision. However, the Court will also at times refer to this decision as *Samuel Johnson*, to distinguish it from the "*Curtis Johnson*" decision, *Johnson v. United States*, 559 U.S. 133 (2010), also relevant herein.

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [.]

*Id.* § 924(e)(2)(B) (emphasis added). The italicized phrase in clause (ii) is commonly known as the "residual clause," while clause (i) is known as the "elements clause."[2]

*Johnson* held that the residual clause was unconstitutionally vague: "We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." 136 S.Ct. at 2557. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257 (2016) that *Johnson* had announced a "substantive" change in the criminal law and therefore applies retroactively. Thus, via 28 U.S.C. § 2255, prisoners sentenced under the residual clause of the ACCA's "violent felony" definition can collaterally challenge their sentences as unconstitutional.

Here, Wing seeks relief pursuant to *Johnson* and *Welch*, arguing that the holdings of those cases also apply to the separate definition of "crime of violence" under which Wing's sentence was increased.

**B.     Whether Wing's Conviction Under 18 U.S.C. § 111 is a Crime of Violence**

The Court will first address whether Wing's conviction under 18 U.S.C. § 111 still constitutes a "crime of violence," assuming Wing is correct that *Johnson* and *Welch* allow him to seek relief given the separate provisions under which he was sentenced.

---

[2] The elements clause is also sometimes referred to as the "force clause."

1.      Relevant "Crime of Violence" Sentencing Provision

Wing was sentenced based on the conclusion that his conviction under 18 U.S.C. § 111 was a "crime of violence," under the following definition of that term:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

This definition is similar, but not identical, to the definition of "violent felony" analyzed in *Johnson*. Each definition includes a nearly-identical "elements clause"—covering offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force . . . ."[3] Each definition also includes a "residual clause," although the two differ in their language. Wing argues that the differences are insignificant and that the residual clause of § 924(c)(3)(B) is therefore unconstitutional under *Johnson*, making his sentence also unconstitutional.

However, *Johnson* did not affect the validity of the elements clause in either definition. Therefore, if Wing's conviction under § 111(b) remains a "crime of violence"

---

[3] The only difference in the elements clause as between the two definitions is that the "crime of violence" definition applies to the use of physical force "against the person *or property* of another," while the "violent felony" definition, as analyzed in Johnson, covers only the use of physical force "*against the person* of another." Compare 18 U.S.C. § 924(e)(2)(B) *with* 18 U.S.C. § 924(c)(3)(A) (emphasis added in both).

under the elements clause of § 924(c)(3), then *Johnson* does not provide for the relief he seeks.

    2.    <u>Modified Categorical Approach</u>

To determine whether a predicate offense constitutes a "crime of violence" under § 924(c)(3), the Court employs the "categorical approach," looking "only to the fact of conviction and the statutory definition of the prior offense." *United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009) (internal quotation marks omitted; alterations incorporated).  The Court does "not generally consider the particular facts disclosed by the record of conviction. That is, [the Court] consider[s]  whether the elements of the offense are of the type that would justify its inclusion as a crime of violence, without inquiring into the specific conduct of this particular offender."  *Id.*

However, the Court will employ the "modified categorical approach" if the statute that defines the underlying offense is "divisible"—that is, if the law "contains statutory phrases that cover several different generic crimes, some of which are crimes of violence, and some of which are not." *United States v. Ventura-Perez*, 666 F.3d 670, 674 (10th Cir. 2012).  Under this approach, the Court will "determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, [and] transcripts of plea colloquies."  *Id.* at 673 (quoting *Curtis Johnson*, 559 U.S. at 144).

Here, the Government argues that the modified categorical approach should be used (*see* ECF No. 56 at 9–10), since conviction under § 111(b) could have been for *either* "us[ing] a deadly or dangerous weapon . . . *or* inflict[ing] bodily injury."  18 U.S.C.

§ 111(b) (emphasis added); *see also United States v. Hernandez-Hernandez*, 817 F.3d 207, 213 (5th Cir. 2016) ("Because § 111 is a divisible statute, the modified categorical approach permits us to consult the [indictment, judgment, and plea agreement] to determine which of the alternative statutory phrases formed the basis for [the defendant's] § 111 conviction"). Wing does not argue against applying this approach and also suggests the Court may look at least to the judgment of conviction to determine the statutory subpart(s) under which he was convicted. (*See* ECF No. 52 at 5; *see generally* ECF No. 57 at 4–7 & n.1.)

   3.  <u>Conviction Under 18 U.S.C. § 111(a) & (b)</u>

Wing's predicate offense was for the federal crime of "assaulting, resisting, or impeding certain [federal government] officers or employees," in violation of 18 U.S.C. § 111. The version of the statute in place as of Wing's charged conduct provided that:

> (a) In general. Whoever—
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title[4] while engaged in or on account of the performance of official duties; or
>
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.

---

[4] Section 1114 defines the category of "officers and employees of the United States" who are addressed by § 111. There is no dispute about the application of these provisions in this case.

> (b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.[5]

Applying the modified categorical approach and looking to the indictment, information, plea agreement, and judgment of conviction, Wing was convicted under both sub-parts (a) and (b) above, and his conviction under § 111(b) was under the statutory prohibition against use of a deadly or dangerous weapon in commission of the crime. (*See* ECF No. 11, 39, 41, 51.)

    4.    <u>Meaning of "Physical Force": *Rodriguez-Enriquez* and *Curtis Johnson*</u>

Given Wing's conviction under the above-quoted provisions, the question becomes whether Wing's conviction under § 111(b) constitutes a "crime of violence" under the elements clause, because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Wing argues that his conviction under § 111 does *not* fall within this description, and that he therefore could only have been sentenced under the "crime of violence" provisions by operation of the residual clause.

Wing focuses his argument on the meaning of the term "physical force." Specifically, he relies on *United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1194 (10th Cir. 2008), for the proposition that the term "physical force" means "force that

---

[5] The statute was amended in 2008, but that does not affect the analysis here.

transfers kinetic energy from the defendant to the body of [the] victim, causing 'mechanical impact.'" (ECF No. 52 at 5 (quoting *Rodriquez-Enriquez*, 518 F.3d at 1194).)  Applying that definition, Wing argues that a conviction under 18 U.S.C. § 111(a) & (b) does not necessarily involve use or threatened use of *physical* force, but could be predicated on application of some *non-physical* force, such as intentionally exposing the victim to a hazardous chemical, or throwing feces or urine infected with a dangerous disease on a corrections officer.  (*See* ECF No. 52 at 5–6.)  Wing argues that these types of conduct could lead to a conviction under § 111, but without involving "kinetic energy" or a "mechanical impact" on the victim, and that applying the categorical approach therefore leads to the conclusion that violation of § 111 does not necessarily constitute a "crime of violence" under the elements clause of § 924(c)(3).  (*See id.* at 6.)

However, while Wing's argument rests on *Rodriguez-Enriquez*, the Supreme Court has more recently addressed the meaning of the term "physical force," in *Curtis Johnson*.[6]  Although not directly addressing *Rodriguez-Enriquez*, *Curtis Johnson* rejects the reasoning from *Rodriguez-Enriquez* on which Wing relies here.

Specifically, in analyzing the term "physical force," *Rodriguez-Enriquez* concluded that the adjective "physical" was *not* intended to distinguish that term from "mental or emotional force."  *Rodriguez-Enriquez*, 518 F.3d at 194 ("we are confident

---

[6] *Curtis Johnson* interpreted the term "physical force" in the elements clause of the "violent felony" definition also analyzed in *Samuel Johnson*, 18 U.S.C. § 924(e)(2)(B)(i).  The Court finds the *Curtis Johnson* statutory interpretation equally applicable to the closely-related provision at issue here, 18 U.S.C. § 924(c)(3)(A). Both parties also recognize that *Curtis Johnson* is controlling as to the meaning of "physical force" here, although they argue for different interpretations of that opinion.  (*See* ECF No. 52 at 6; ECF No. 56 at 14–15.)

that the word physical was not included as a modifier of force for the purpose of eliminating from consideration crimes committed through the use of religious arguments or similar persuasion"). But, in *Curtis Johnson*, the Supreme Court reached the opposite conclusion, stating that "[t]he adjective 'physical' . . . plainly refers to force exerted by and through concrete bodies—distinguishing physical force from, for example, intellectual force or emotional force." 559 U.S. at 138.

Likewise, whereas *Rodriguez-Enriquez* suggested that the term "physical force" requires "force on the victim . . . generated mechanically" or arising from "kinetic energy," 518 F.3d at 1194, *Curtis Johnson* also rejected this view of the statute, holding that "physical force" does *not* refer to the "specialized meaning" of the word force as used "in the field of physics: a cause of the acceleration of mass." 559 U.S. at 138–39.

Ultimately, *Curtis Johnson* adopted a definition of "physical force" that does not turn on the technical distinctions suggested in *Rodriguez-Enriquez*, and held that "[w]e think it clear that in the context of a statutory definition of 'violent felony,' *the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person*." 559 U.S. 133 at 140 (emphasis added); *accord Ventura-Perez*, 666 F.3d at 674 ("[*Curtis Johnson*] construed physical force to require 'violent force.'") The Court finds this meaning of "physical force" to be both controlling and inconsistent with Wing's argument based on *Rodriguez-Enriquez*.

Wing argues that *Curtis Johnson* did not contradict *Rodriguez-Enriquez* but "addressed only the amount or degree of force required . . . not the kind or nature of the force required." (ECF No. 57 at 6.) Thus, he argues that *Curtis Johnson* did not alter

the "mechanical force" analysis in *Rodriguez-Enriquez*.  (*See id.* at 5–6.)  Wing's argument implies that "physical force" under the elements clause requires *both* (a) a force applied by "kinetic energy" or "mechanical impact," as described in *Rodriguez-Enriquez* , and also (b) that the force is also "violent force" as required under *Curtis Johnson*, "capable of causing physical pain or injury."

The Court disagrees with Defendant's narrow reading of *Curtis Johnson*.  Defendant characterizes as a "throwaway observation" the statement in *Curtis Johnson* that "the adjective 'physical' . . . . plainly refers to force exerted by and through concrete bodies."  (ECF No. 57 at 6; *Curtis Johnson*, 559 U.S. at 138.)  Even if Wing were correct that this statement is *dicta*, Supreme Court *dicta* binds this Court "almost as firmly as . . . the Court's outright holdings."  *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1243 (10th Cir. 2008).  "This is particularly so where, as here, the dictum is recent and not enfeebled by later statements."  *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (Tymkovich, J., concurring).  *Curtis Johnson*'s analysis of the two-word phrase "physical force" should not be parsed to exclude certain sentences as *dicta* or "throwaway" statements.

In analyzing "physical force," *Curtis Johnson* did not embrace the distinction that Wing seeks to draw between the "kind or nature" of the force and its "amount or degree."  While it is true that *Curtis Johnson* focused mainly on the degree of force required, given the facts of that case, the opinion does speak *only* to degree, nor suggest that the issues of degree and type are not sometimes interrelated.  Rather, the opinion stated both that "physical force" refers to the kind of force "exerted by and

through concrete bodies" and means "violent force . . . capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140.  And, the Supreme Court has since described this holding to emphasize that when defining a "violent felony" (or here, a "crime of violence"), the central issue is whether the force is "violent."  *See United States v. Castleman*, 134 S.Ct. 1405, 1410 (2014) ("In defining a 'violent felony,' [*Curtis Johnson*] held 'the phrase 'physical force' must 'mean violent force.'").  At least in some instances, that question may encompass aspects of both the "type" and the "degree" of the force applied, contrary to the categorical distinction Wing would draw between those issues.

Wing correctly points out that the Tenth Circuit has cited favorably to *Rodriguez-Enriquez* since *Curtis Johnson* was decided.  (*See* ECF No. 57 at 4–6 (citing, *inter alia*, *United States v. Hanns*, 464 F. App'x 769, 770–71 (10th Cir. 2012); *United States v. Porter*, 643 F.App'x 758 (10th Cir. 2016)).)  The undersigned has also recently favorably cited *Rodriguez-Enriquez*, to the extent it relies on and applies the analysis of *United States v. Perez-Vargas*, 414 F.3d 1282, 1285–87 (10th Cir. 2015).  *See United States v. Chu*, Case No. 14-cr-0262-WJM, ECF No. 50 at 10, 13 & n.10 (D. Colo. Sept. 30, 2016) ("*Chu*").

The same analysis is not at issue here, however.  In *Perez-Vargas*, the Tenth Circuit held that conviction under a Colorado assault statute criminalizing the *effect* of "caus[ing] bodily injury" does not categorically include as an element the use or threat of physical force.  *See Perez-Vargas*, 414 F.3d at 1285–87; *Chu* at 10 (citing *Rodriguez-Enriquez*, 518 F.3d at 1192–93 and *Perez-Vargas*, 414 F. 3d at 1286 for the

proposition that "we look to 'the means by which the injury occurs (the use of physical force),' not 'the result of defendant's conduct, *i.e.*, bodily injury'"). This type of cause/result distinction is not at issue here, however, since § 111 prohibits the conduct of "forcibly assault[ing], resist[ing], oppos[ing], [etc.]" a federal employee, and, as to § 111(b), "us[ing] a deadly or dangerous weapon" in commission of the crime.

The Court therefore concludes that continuing citation to *Perez-Vargas* and *to Rodriguez-Enriquez* to the extent it applies the *Perez-Vargas* logic is not inconsistent with *Curtis Johnson* and does not support Wing's argument. Here, the Court only concludes that the discussion in *Rodriguez-Enriquez* that would tie the meaning of "physical force" to a "mechanical impact" or "kinetic energy" is inconsistent with *Curtis Johnson*. That is the aspect of *Rodriguez-Enriquez* on which Wing relies. The Court need not reach the question of whether, notwithstanding *Curtis Johnson*'s conflict with the "mechanical impact" discussion, *Rodriguez-Enriquez* remains "good law" as to any other points, including its actual holding (namely, that a conviction for second degree assault via drugging under Colorado Revised Statutes § 18-3-203(1)(e) was *not* a "crime of violence"—a holding that appears to also rest in part on *Perez-Vargas*). See *Rodriguez-Enriquez*, 518 F.3d at 1195.

     5.    <u>Application of *Curtis Johnson* to § 111(a) & (b)</u>

Having rejected Wing's interpretation of "physical force" based on *Rodriguez-Enriquez*, and instead applying the meaning of "physical force" set out in *Curtis Johnson*, the Court readily concludes that Wing's conviction under § 111 "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3).

First, the conduct prohibited by § 111, includes the modifier "forcibly" as a necessary element of the prohibited conduct: to be convicted, a defendant must "*forcibly* assaul[t], resis[t], oppos[e], imped[e], intimidat[e], or interfer[e] with" a federal officer or employee. 18 U.S.C. § 2255(a)(1) (emphasis added). The Court agrees with the construction of this statutory language as stated in *United States v. Arrington*: "the adverb 'forcibly' in the first element of the offense modifies each of the prohibited acts specified in the second element: that is, a defendant does not violate the statute unless he *forcibly* assaults or *forcibly* resists or *forcibly* opposes, etc." 309 F.3d 40, 44 (D.C. Cir. 2002). The Tenth Circuit has likewise interpreted the inclusion of the adverb "forcibly" in § 111 as "requiring an element of force." *United States v. Disney*, 253 F.3d 1211, 1214 (10th Cir. 2001) (holding that inclusion of word "forcibly" in § 111 "limit[s] the proscribed acts to fewer than would fit the definition of the unmodified verbs ['assaults, resists, opposes, impedes,' etc.] alone," and "narrows the conduct prohibited"; rejecting government's argument that defendant violated § 111 "even though [he] did not have the present ability to actually harm [the victim]").

Second, applying the modified categorical approach, the Court finds Wing was convicted not only under § 111(a), but under the aggravated offense provision, § 111(b), which requires as an element not only that Wing acted "forcibly" but also that he used a deadly or dangerous weapon in doing so. (*See* ECF Nos. 11, 39, 41, 51.) Applying the *Curtis Johnson* definition of "physical force" and the modified categorical approach, the Court concludes that a conviction under § 111(b) for use of a dangerous weapon to "forcibly assaul[t], resis[t], oppos[e], imped[e], intimidat[e] or interfer[e] with" a federal officer or employee at a minimum includes as an element the threat of

13

physical force—that is, the threat of force exerted through concrete bodies (*i.e.*, the deadly or dangerous weapon), and "capable of causing physical pain or injury" to the victim (*i.e.*, the threat that a deadly or dangerous weapon will, in fact cause pain or injury).  See 18 U.S.C. § 111(b); *Curtis Johnson*, 559 U.S. at 140.

The Court therefore joins several other courts in concluding that conviction under § 111(b) includes as an element the "use, attempted use, or threatened use of physical force."  See *United States v. Rafidi*, 829 F.3d 437, 446 (6th Cir. 2016) ("conviction for § 111(b) constitutes a 'crime of violence' within the meaning of § 924(c)(3)"); *id.* at 445–46 ("a defendant must act 'forcibly' to violate § 111 * * * even if the defendant did not come into physical contact with the officers at all, the government still must establish the 'forcible' element, and 'a threat or display of physical aggression' sufficient 'to inspire fear of pain, bodily harm, or death' constitutes the 'threatened use of physical force' within the meaning of [*Curtis Johnson*]"); *Hernandez-Hernandez*, 817 F.3d at 215–17 (holding that conviction under § 111(b) "requires forcible, assaultive conduct" and that it "is not a difficult task" to conclude conviction was a "crime of violence" under the elements clause of U.S.S.G. § 2L1.2(b)(1)(A)(ii)); *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) (holding, pre-*Curtis Johnson*, that conviction under § 111 was a crime of violence under the elements clause of 18 U.S.C. § 16(b): "A defendant charged with . . . assault with a deadly or a dangerous weapon, must have always 'threatened [the] use of physical force'"); *United States v. Hutcherson*, 2016 WL 6650383, at *4 (N.D. Cal. Nov. 10, 2016) (holding that under *Juvenile Female*, *supra*, "conviction for assault on a federal officer with a deadly or dangerous weapon under Section 111(b) is a crime of violence" under § 924(c)(3)(A)); *see also United States v.*

14

*Delaney*, 214 F. App'x 356, 359 (4th Cir. 2007) ("a conviction of 'forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with [a federal officer],' under § 111(a)(1), "has as an element the use, attempted use, or threatened use of physical force against the person of another" (brackets in original)); *United States v. Jones*, 105 F. Supp. 3d 233, 238 (E.D.N.Y. 2015) ("although a § 111(a) conviction can be established on the basis of simple assault . . . the separate § 111(b) violation, which required proof of bodily injury . . . necessarily rested on the finding that [defendant] used "violent force," and therefore "physical force" within the meaning of [U.S.S.G. § 4B1.2(a)(1).4]"), *vacated and remanded*, 830 F.3d 142 (2d Cir. 2016), *in turn withdrawn and vacated*, 838 F.3d 296 (2d Cir. 2016).[7]  Wing cites no cases holding to the contrary, and the Court concludes that Wing's conviction under § 111(b) constitutes a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A).

Given the analysis above, *Samuel Johnson*'s holding regarding the residual clause offers Wing no relief.  Thus, even assuming—without deciding—that Wing is procedurally permitted to bring his 28 U.S.C. § 2255 motion on *Johnson* grounds at this time and in these circumstances, the Court would not grant his motion.  The Court therefore need not—and does not—reach any conclusions as to the other procedural issues raised by the parties as to the application of *Samuel Johnson* to § 924(c)(3)(B) or the ability to raise such arguments pursuant to a motion under 28 U.S.C. § 2255.

---

[7] The Second Circuit first vacated the District Court decision in *Jones*, then withdrew its own decision, pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. *Beckles* does not address whether conviction under § 111(b) constitutes a "crime of violence" under the elements clause, only application of *Johnson* and *Welch*.  *See generally*, *Beckles v. United States*, 616 F.App'x 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510.  The Court therefore treats the district court's decision in *Jones* as retaining persuasive value as to the analysis of § 111(b).

### III.  CONCLUSION

For the reasons stated above, Defendant Edward Wing's 28 U.S.C. § 2255 Motion to Vacate Sentence (ECF No. 52) is DENIED.

Dated this 17th day of November, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge